UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 06-cr-00244-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3. TALITA JAMES,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Defendant's Motion for Correction of Pre-Sentence Jail Credit Pursuant to Rule 35(a) [doc. #528], filed October 24, 2008. Defendant requests an order pursuant to Federal Rule of Criminal Procedure 35(a) modifying her sentence to include the 103 days that she spent at the Independence House Community Corrections Center, a halfway house, prior to sentencing from June 29, 2006 to October 19, 2006.  Probation responded to the Motion on November 14, 2008, and the government responded on November 17, 2008.  For the reasons stated below, I will deny the motion.

By way of background, Defendant was arrested on May 23, 2006, and released on bond to Independence House on June 29, 2006.  On October 19, 2006, she was released from Independence House pursuant to modifications in her conditions of release.  On January 5, 2007, Defendant pleaded guilty to various charges, and on

July 5, 2007, Judge Nottingham of this Court entered judgment sentencing her to twenty-four months of imprisonment. This case was reassigned to me on November 4, 2008.

Defendant's Motion is untimely, because Rule 35(a) allows a court to correct a sentence within seven days after sentencing, and Defendant has brought her Motion more than sixteen months after sentencing. Nonetheless, the Motion fails on the merits, because both the Supreme Court and Tenth Circuit have explicitly rejected Defendant's argument. *See Reno v. Koray*, 515 U.S. 50, 65 (1995); *United States v. Woods*, 888 F.2d 653, 656 (10th Cir. 1989). 18 U.S.C. § 3585(b) provides, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ." The Supreme Court in *Reno* held that "the time respondent spent at [a] community treatment center while 'released' on bail . . . was not 'official detention' within the meaning of 18 U.S.C. § 3585(b). Respondent therefore was not entitled to a credit against his sentence of imprisonment." 515 U.S. at 65. Furthermore, the Tenth Circuit in *Woods* held that "18 U.S.C. § 3585 does not entitle Woods to credit for time spent at Independence House when he was on bond," because "this restriction does not equal the deprivation of liberty experienced by a person incarcerated in a jail facility." 888 F.2d at 656. Accordingly, Defendant is not entitled to credit for the time she spent at the Independence House while she was on bond prior to sentencing. It is hereby

ORDERED that Defendant's Motion for Correction of Pre-Sentence Jail Credit Pursuant to Rule 35(a) [doc. #528], filed October 24, 2008, is **DENIED**.

Dated:  April 30, 2009

           BY THE COURT:

           <u>s/ Wiley Y. Daniel</u>
           Wiley Y. Daniel
           Chief United States District Judge